ON PETITION FOR REHEARING
RAWLS, Chief Judge.
Appellee’s petition for rehearing urges this court to correct an alleged error in its opinion by changing the date “1947” to “1954” with reference to the statement that “* * * the 411 acres here in dispute— which were lands that Hart had the privilege of purchasing under the terms of the 1947 agreement.” The August 15, 1947 agreement described certain lands within sections 26 and 35 of Township 17 South, Range 32 East which were to be conveyed to Hart, and in addition paragraph 10 thereof provided:
“The party of the first part agrees that any other lands acquired by the party of the first part within the sections mentioned in the descriptions herein, the party of the second part shall have the privilege of purchasing from the party of the first part at the rate of Six ($6.00) Dollars per acre, same to be paid on or before the completion of this Agreement.”
Paragraph 2 of Appellant’s complaint alleges the dates that Appellee “acquired” the 411 acres located in Sections 26 and 35 of Township 17 South, Range 32 East. Ap-pellee’s answer unequivocally admitted the truth of the allegations of paragraph 2 of the complaint and the execution of the 1947 agreement. A comparison of the various descriptions show that the 411 acres were not lands actually described in the 1947 agreement but were additional lands “acquired” by Florida Farms and located within the named sections. Witness Ossinsky deposed that Mrs. Goldman did not think that the 411 acres were lands which Hart could purchase under the 1947 agreement, and Florida Farms attempted to establish this as a fact by trying to get Ossinsky (who drafted the agreement in his capacity as attorney for Florida Farms) to testify that the word “sections” in paragraph 10 of the 1947 agreement actually meant “tracks” or “area.” Ossinsky denied this and testified that he construed the word, as he had in the past, to mean government survey sections. Although the 411 acres could fall within the terms of the 1947 agreement to convey additional lands to Hart, they could not be additional lands within the terms of paragraph 4 of the 1954 agreement because these lands were not parts of “blocks and/or tracks” described in but not conveyed by a deed dated September 1, 1954.
The petition for rehearing is denied.
CARROLL, DONALD K., and JOHNSON, JJ., concur.